**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| EARLENE BRANCH PETERSON, KIMMA GUREL, and MONICA VEILLETTE,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as Director of the Federal Bureau of Prisons; and T.J. WATSON, in his official capacity as Complex Warden for Terre Haute Federal Correction Complex,<br><br>Defendants. | Case No. 2:20-cv-00336-JMS-DLP |

**[PROPOSED] MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION**

This memorandum is respectfully submitted in support of Plaintiffs' Motion for

Preliminary Injunction enjoining Defendants from executing Daniel Lee on July 13, 2020, in

violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). As set forth below,

Plaintiffs, who are family members of the victims in this case, can demonstrate their likelihood

of success on the merits of their claim; in addition, the balance of harms to them and the public

interest also weigh entirely in their favor. Plaintiffs, therefore, respectfully request that the Court

grant their motion.

**Introduction**

As explained in other filings, Plaintiffs are family members of the victims in the criminal

case involving Daniel Lewis Lee and they have been selected to attend Lee's scheduled

execution on July 13, 2020 as witnesses. *See* Motion to Intervene, *Hartkemeyer v. Barr et. al*, No. 20-cv-00336-JMS-MJD, Doc. 35 (S.D. Ind. July 7, 2020), Exh. 1, ¶¶ 3, 13-15. However, Defendants have effectively deprived Plaintiffs' of their rights to act as witnesses by scheduling Lee's execution during the ongoing pandemic, which grows worse by the day, makes their travel perilous, and is ravaging the federal prison system, including USP Terre Haute. *Id.* at ¶¶ 2-3, Plaintiffs face grave, potentially fatal risks associated with COVID-19. *Id.* at ¶¶ 13-15, 19-105. Therefore, Plaintiffs intervened in this case and, like Plaintiff Dale Hartkemeyer ("Hartkemeyer"), they have filed a motion for a preliminary injunction. *See* Motion for Preliminary Injunction, *Hartkemeyer*, Doc. 6 (S.D. Ind. July 2, 2020). Such a preliminary injunction is urgently needed and clearly necessary under the circumstances because, absent a delay of Mr. Lee's execution, Plaintiffs will be put in the untenable position of endangering their lives to attend the execution.[1]

## Argument

### I.    The Legal Standard for Preliminary Injunctions Is Well Established.

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) his claims are likely to succeed on the merits; (2) he would likely suffer irreparable harm without the injunction; (3) the "balance of equities" tips in his favor; and (4) the injunction would be "in the public interest." *See Whole Woman's Health All. V. Hill*, 937 F.3d 864, 875 (7th Cir. 2019) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the

---

[1]     Because the Court is familiar with the facts relating to COVID-19 from the filings in this case and the Hartkemeyer filings, Plaintiffs will not repeat those facts here and instead incorporate herein the allegations in their Complaint.  Plaintiffs' individual health issues are also discussed in the Complaint.  *See Hartkemeyer*, Doc. 35, Exh. 1, ¶¶ 19-71; *see also id.*, Complaint for Declaratory and Injunctive Relief, Doc. 1 (S.D. Ind. July 2, 2020), ¶¶ 9-45.

balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win[,] the more that balance would need to weigh in its favor." *GEFT Outdoors, LLC v. City of Westfield*, 922 F. 3d 357, 364 (7th Cir. 2019) (citing *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018)).

**II.      Plaintiffs Are Likely To Succeed On The Merits Of Their APA Claim.**

Plaintiffs have asserted a single claim in the Complaint, alleging that Defendants' scheduling of Lee's execution should be set aside as a violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), because it is "arbitrary and capricious" agency action and "not in accordance with law." *See Hartkemeyer*, Doc. 35, Exh. 1, ¶¶ 1-4, 106-114. Hartkemeyer similarly alleges that the scheduling of Wesley Purkey's execution is "arbitrary and capricious." *Id.* at Doc. 1, ¶¶ 56-62.  Given the similarities between the two claims, Plaintiffs incorporate by reference and join the arguments on the likelihood of success of the APA claim made by Hartkemeyer in the brief in support of his motion for a preliminary injunction. *Id.* at Doc. 7, p. 25-31.

Plaintiffs' APA claim is slightly different in that they also allege that Defendants' action is "not in accordance with law." *Id.* at Doc. 35, Exh. 1, ¶¶ 106-114.   It is indisputable that, as alleged in their Complaint, Plaintiffs have a right to attend Lee's execution.  The relevant regulation, 28 C.F.R. § 26.4, states that witnesses "shall be present" and, pursuant to its own protocol, the Federal Bureau of Prisons selected Plaintiffs as witnesses. *Id.* at ¶¶ 16-18. However, the setting of Lee's execution is "not in accordance with law" because it effectively negates Plaintiffs' ability to be present.  The regulation clearly does not contemplate that witnesses must be forced to risk their own lives to attend executions.  Yet Plaintiffs will face that Hobson's choice if Defendants are permitted to go forward with Lee's execution on July 13, 2020.

Therefore, Plaintiffs have a high likelihood of success on their APA claim because the agency action in question is both "arbitrary and capricious" and a violation of the law.

## III.    Plaintiffs Will Suffer Irreparable Harm If This Court Does Not Grant The Preliminary Injunction.

Plaintiffs will suffer irreparable harm if the requested relief is not granted. Plaintiffs represent three generations of women who have grieved the loss of their loved ones, Nancy Mueller and Sarah Powell, since their lives were taken in 1996. They have a right to be present at Lee's execution, as recognized in 28 C.F.R. § 26.4 and pursuant to the BOP Protocol, and they have already been informed by the Defendants that they are among those selected to attend and witness the execution, just as they were similarly selected and informed, and safely made travel arrangements, when Lee's execution was scheduled earlier for December. *See id.* at Doc. 35, Exh. 1, ¶¶ 16-18.

Because they cannot safely attend and witness the execution in the midst of the pandemic due to their underlying health conditions and the risks associated with COVID-19, and because Defendants cannot adequately protect them from exposure to this highly contagious, life-threatening disease either during their travels or while at the prison complex, Plaintiffs will suffer irreparable—indeed irreversible—harm if the execution is allowed to go forward as scheduled. *Id.* at ¶¶ 13-105; *see Sofinet v. I.N.S.*, 188 F.3d 703, 708 (7th Cir. 1999) (finding irreparable harm where asylum seeker's claim would be moot upon his deportation); *see also, Washington v. Indiana High School Athletic Ass'n, Inc.*, 181 F.3d 840, 843, 853 (7th Cir. 1999) (irreparable harm to Plaintiff student athlete where Defendant high school athletic association's denial of athletic eligibility would deprive Plaintiff of loss of future athletic opportunities and loss of desire to continue academically). In short, Plaintiffs' right to be present as witnesses will

be effectively extinguished if Lee is executed on July 13, 2020; and no remedy could make them whole from the harm they would suffer by not being present at the execution.

## IV.    The Irreparable Harm Threatening Plaintiffs Outweighs Any Purported Harms to Defendants.

The "balance of equities" in this case decidedly tips in favor of the Plaintiffs. *See Whole Woman's Health Alliance*, 937 F.3d at 875. There is no justifiable reason to carry out Lee's execution in the midst of a global, newly resurgent pandemic, when family members of the victims in the case cannot safely attend; and there is no harm to Defendants to delaying Lee's execution until the time when the risks associated with the pandemic have abated. There is no immediate deadline by which Defendants must execute him; in fact, Defendants waited 8 years to release a new execution protocol and now have chosen this particular date, for no affirmatively apparent reason, in the midst of a national health emergency.

While the execution date can be modified to prevent the harm to Plaintiffs—with no harm to Defendants' interests—Plaintiffs will, on the other hand, suffer irreparable harm if the execution takes place without them safely being able to be present for it.

## V.    The Requested Preliminary Injunction Would Further The Public Interest.

The Government has publicly claimed the mantle of carrying out Lee's execution in Plaintiffs' names, and acted as though his execution is for them: when the Attorney General announced Lee's execution date, among others, he claimed, "We owe it to the victims of these horrific crimes, and to the families left behind, to carry forward the sentence imposed by our justice system."[2] Yet Defendants chose to conduct the execution during a national public health

---

[2] *See also* Press Release, U.S. Department of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June 15, 2020), *available at* https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children (last visited July 7, 2020)

emergency when travel to and attendance at the execution poses grave, possibly fatal health risks to the Plaintiffs.

It is in the public interest for "the families left behind," including Plaintiffs, to be able to see Lee's case through to the end, and to allow the surviving family members of victims to realize their interest in being present for the execution. It is also in the public interest not to send travelers to a prison, where the virus is known to quickly proliferate, and then back out into airports and hotels and their home communities and their families.  Delaying Lee's execution until a time when the devastating effects of the COVID-19 pandemic have abated will not only protect those interests, it will also prevent grave, potentially fatal, health consequences to the Plaintiffs, family members in their care, and the general public.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Motion for Preliminary Injunction be granted.

Respectfully submitted,

_____
H. Baker Kurrus, PLLC
10816 Crestdale Lane
Little Rock, AR 72212
Phone: (501) 831-0325
Email:  Bkurrus@aol.com
Arkansas Bar No. 80082
*Attorney for Plaintiffs*

Dated: July 7, 2020

6