**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

|  |  |
|---|---|
| EARLENE BRANCH PETERSON, KIMMA GUREL, and MONICA VEILLETTE,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as the Director of the Federal Bureau of Prisons; and T.J. WATSON, in his official capacity as Complex Warden for Terre Haute Federal Correctional Complex,<br><br>Defendants. | Case No. 2:20-cv-00350-JMS-DLP |

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

This matter came before the Court on Plaintiffs' *Motion for Preliminary Injunction* (the "Motion"), seeking to enjoin Defendants from carrying out the execution of prisoner Daniel Lewis Lee, scheduled to occur on July 13, 2020, at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), in light of the threat to their health posed by the ongoing and currently resurgent COVID-19 pandemic. In this matter, Plaintiffs have alleged that Defendants, Attorney General William P. Barr, Director of the Federal Bureau of Prisons ("BOP") Michael Carvajal, and FCC Correctional Complex Warden T.J. Watson[1], violated the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A), because the setting of Lee's execution date, in the midst of the COVID-19 pandemic, is an "arbitrary and capricious" agency action and because doing so is "not

---

[1] Mr. Watson is the Warden for the entire FCC Correctional Complex, which includes USP Terre Haute.

1

in accordance with law"; they allege that Defendants' setting of the execution date during this national health emergency violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq.*

Having considered the Motion and the documents filed therewith, including the supporting declarations, Plaintiff's Complaint, and the files and records herein, and good cause appearing therefor, the Court hereby finds and concludes as follows.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs are family members of the victims in this case. Plaintiff Earlene Branch Peterson is the mother of Nancy Mueller and the grandmother of Sarah Elizabeth Powell. Plaintiff Kimma Gurel is Nancy Mueller's sister, Sarah Elizabeth's aunt. Plaintiff Monica Veillette is Nancy Mueller's niece, Sarah Elizabeth's first cousin.

When Mr. Lee's execution was scheduled for December 9, 2019, all three Plaintiffs were selected as witnesses by Defendants, planned to be there, and arranged to attend.

When, on June 15, 2020, Defendants re-scheduled Mr. Lee's execution for July 13, 2020, they again selected these three Plaintiffs to attend his execution.

Defendants chose Mmes. Peterson, Gurel, and Veillette as witnesses pursuant to 28 C.F.R. § 26.4, which states that witnesses "shall be present," and pursuant to the BOP Execution Protocol, which states that "[u]p to eight citizens" who are "victims or victim family members" that are selected by the Warden, "will be present."

On March 13, 2020, President Donald Trump declared the COVID-19 pandemic to be a national health emergency.

The grave danger to health posed by travel and entry into a prison due to COVID-19 has been well-documented in Plaintiffs' Complaint and will not be recounted here. The Court will also

take judicial notice of the public information cited in filings in other matters. All of these facts conclusively establish the hazards posed by conducting executions during a pandemic.

Plaintiffs have asserted a single claim in their Complaint, alleging that Defendants have effectively deprived Plaintiffs of their rights to act as witnesses by the scheduling of Mr. Lee's execution during the ongoing and escalating pandemic, which makes Plaintiffs' travel to Terre Haute, Indiana, from Arkansas and Washington state, and attendance at Mr. Lee's execution, perilous to their health and well-being.

Plaintiffs assert that they face grave, potentially fatal risks associated with COVID-19 if they exercise their rights to attend this execution in the midst of this health crisis.

Plaintiffs ask that Mr. Lee's July 13, 2020 execution date be set aside as a violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), because it is arbitrary and capricious agency action and not in accordance with law.

To obtain a preliminary injunction order, Plaintiffs must demonstrate that: (1) their claims are likely to succeed on the merits; (2) they would likely suffer irreparable harm without the injunction; (3) the "balance of equities" tips in their favor; and (4) the injunction would be "in the public interest." *See Whole Woman's Health All. V. Hill*, 937 F.3d 864, 875 (7th Cir. 2019) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win[,] the more that balance would need to weigh in its favor." *GEFT Outdoors, LLC v. City of Westfield*, 922 F. 3d 357, 364 (7th Cir. 2019) (quoting *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018)).

Based on the record before the Court, Plaintiffs have satisfied each of the prongs of the preliminary injunction standard.

First, as to irreparable harm, Plaintiffs have come forward with evidence, and the public record is replete with such evidence, that they, or any other witnesses who would have to travel to attend this execution on the grounds of USP Terre Haute, face serious risks to their health, including death. Moreover, given the documented spread of COVID-19 through prisons, the high transmissibility of the virus (in particular in indoor environments), the absence of means to fully protect from the virus's transmission, and the long-term health consequences of contracting COVID-19, the Court finds that this harm, posed by proceeding with Mr. Lee's execution on July 13, 2020, or during the pandemic, is both likely and irreparable. The harm to Defendants—who could set a later date for Plaintiff's execution upon further order of this Court—is not irreparable.

Second, Plaintiffs are likely to succeed on the merits of their APA claim.  The evidence supports Plaintiffs' contention that Defendants' decision to schedule and proceed with Mr. Lee's execution in the middle of a pandemic—and in light of the well-established health risks that will result from Plaintiffs' exercise of their right to attend Mr. Lee's execution on July 13, 2020—lacks the hallmark of reasoned decision-making. Accordingly, the Court finds that Plaintiffs have demonstrated a strong likelihood of success on the merits.

Third, the "balance of equities" tips in favor of Plaintiffs.  Defendants' argument as to "interest in the timely enforcement of criminal sentences" fails to withstand any scrutiny under the facts of this case, including their delay of years in designing an execution protocol, and their failure to explain how any such interest would be thwarted by waiting until the pandemic has subsided or the health risks have otherwise abated. On the other hand, the health risks posed to Plaintiffs, are obvious and grave, and their desire to attend Mr. Lee's execution is patent.

Fourth, the public interest would be served by an injunction, which would ensure that Plaintiffs—close relatives of Mr. Lee's victims—are able to exercise their right to attend, without undue risk to their health and lives. By contrast, Defendants have not proffered any persuasive, countervailing reason why the public interest would be served by executing Mr. Lee on July 13, 2020, particularly in light of the grave risks that would result.

**PRELIMINARY INJUNCTION ORDER**

Now, therefore, on Motion of Plaintiffs and for good cause shown, the Court hereby GRANTS Plaintiffs' Motion for Preliminary Injunctive Relief. Specifically, the Court ORDERS that:

1.      Defendants and all of their respective officers and agents are enjoined from scheduling or carrying out the execution of Mr. Lee on July 13, 2020, and at any future date before a treatment or vaccine for COVID-19 is available, or until the threat to public health posed by the COVID-19 pandemic has otherwise passed; and

2.      Defendants are enjoined from scheduling a new execution date pending further Order of the Court.

SO ORDERED.


Date: _____                                   _____
                                                    Hon. Jane Magnus-Stinson, Chief Judge
                                                    United States District Judge
                                                    Southern District of Indiana