**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

|  |  |  |
|---|---|---|
| EARLENE PETERSON<br>KIMMA GUREL<br>MONICA VIELLETTE<br><br>              Plaintiffs,<br><br>       v.<br><br>WILLIAM P. BARR, in his official<br>capacity as the Attorney General of the<br>United States; MICHAEL CARVAJAL, in<br>his official capacity as the Director of the<br>Federal Bureau of Prisons; and T.J.<br>WATSON, in his official capacity as<br>Complex Warden for Terre Haute Federal<br>Correctional Complex,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:20-cv-00350-JMS-MJD |

**NOTICE OF APPEAL**

Notice is hereby given this 10th day of July 2020, that Defendants in this action

appeal to the United States Court of Appeals for the Seventh Circuit from the Order

of this Court entered on July 10, 2020, *see* ECF Nos. 20, in which the Court granted the Motion

for Preliminary Injunction filed by Plaintiffs, *see* ECF No. 3, and "enjoin[ed] the defendants

from carrying out the execution of Daniel Lewis Lee on July 13, 2020, or on any future date,

pending final resolution of the merits of this case or until further order of this Court." Order,

ECF No. 20.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney


By:    _s/ Shelese Woods_____
       Shelese Woods
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2020, the foregoing was filed electronically through ECF/CM. On this same date, electronic service will be made to all counsel of record through the Court's ECF/CM system.

s/ *Shelese Woods*
Shelese Woods
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204
(317) 226-6333
(317) 226-6125 [Fax]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EARLENE PETERSON, KIMMA GUREL, MONICA VEILLETTE, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:20-cv-00350-JMS-DLP |
| WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON, | ) ) ) ) | |
| Defendants. | ) | |

**Order Granting Plaintiffs' Motion for Preliminary Injunction**

Federal death row inmate Daniel Lee Lewis is scheduled to be executed on July 13, 2020, at United States Penitentiary − Terre Haute (USP − Terre Haute) in Terre Haute, Indiana.

Plaintiffs Earlene Peterson, Kimma Gurel, and Monica Veillette are members of Mr. Lee's victims' families and have been selected by the Warden of USP-Terre Haute to attend the execution. The plaintiffs seek to enjoin Mr. Lee's execution on the basis that defendants have violated the Administrative Procedure Act (APA) by scheduling Mr. Lee's execution during the COVID-19 pandemic without adequate measures in place to protect them. The defendants oppose the motion on the bases that the decision of when to set an execution is an unreviewable agency action, the plaintiffs are outside the zone of interests, and the government's decision to promptly schedule the executions was not arbitrary and capricious.

1

## I.    Factual and Procedural Background

### A.    Mr. Lee's Crimes, Sentence, and Procedural History

In 1999, a jury in the United States District Court for the Eastern District of Arkansas convicted Mr. Lee of conspiring to violate and violating the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § § 1962(c) and (d), and of three murders. *United States v. Lee*, 374 F.3d 637, 641 (7th Cir. 2004). Mr. Lee's murder victims were William Mueller, Nancy Mueller, and Nancy Mueller's eight-year-old daughter, Sarah Powell. *Id.* at 641–42. Mr. Lee was sentenced to death. *Id.* at 643.

Mr. Lee's conviction was affirmed on appeal, *id.* at 641, and his petition for certiori was denied, 545 U.S. 1141 (2005). He has unsuccessfully sought post-conviction relief pursuant to 28 U.S.C. § 2555 and has exhausted all appeals as to his § 2255 proceedings. *See United States v. Lee*, No. 4:97-CR-00243-(2), 2008 WL 4079315, at *1 (E.D. Ark. Aug. 28, 2008), *aff'd*, 715 F.3d 215 (8th Cir. 2013), *rehearing denied*, 811 F.3d 272 (8th Cir. 2015), *cert. denied*, 135 S. Ct. 72 (2014); *United States v. Lee*, No. 4:97-cr-00243-02, 2014 WL 1093197, at *1 (E.D. Ark. Mar. 18, 2014), *aff'd*, 792 F.3d 1021 (8th Cir. 2015), *rehearing denied*, 811 F.3d 272 (8th Cir. 2015), *cert denied*, 137 S. Ct. 1577 (2017).

On July 25, 2019, the Attorney General announced that capital executions would resume after nearly two decades without any executions in the federal system. *See* The United States Department of Justice, "Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse," July 25, 2019, https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse. The Bureau of Prisons (BOP) adopted a revised addendum to its lethal injection protocol that replaced the previous three-drug procedure with the use of a single drug, pentobarbital sodium, as the lethal agent. *Id.* In announcing the change to the injection protocol, DOJ also established execution dates for five condemned federal inmates, including Mr. Lee. *Id.* Mr. Lee's execution was scheduled for December 9, 2019.

2

Mr. Lee filed suit challenging BOP's single-drug protocol and on November 20, 2019, the district court issued a preliminary injunction staying the executions. *In re Federal Bureau of Prisons' Execution Protocol Cases*, 955 F. 3d 106, 111 (D.C. Cir. 2020) ("*Execution Protocol Cases*"). That injunction was vacated by the D.C. Circuit on April 7, 2020. *Id.* at 108. On June 29, 2020, the Supreme Court denied an application for a stay of the mandate. *Bourgeois v. Barr*, 19-1348, --- S. Ct. ---, 2020 WL 3492763.

**B.      The Novel Coronavirus and Mr. Lee's Scheduled Execution**

The novel coronavirus ("COVID-19") has been spreading in the United States since early 2020. As of July 9, 2020, there were 3,047,671 reported cases in the United States, including 368,441 cases in the past week. Centers for Disease Control and Prevention, Covid Data Tracker, https://www.cdc.gov/covid-data-tracker/#cases (last visited July 10, 2020). 132,056 people have died from the virus in the United States. *Id.* In Indiana, there have been 49,063 confirmed cases and 2,732 resulting deaths. Indiana COVID-19 Dashboard, https://www.coronavirus.in.gov/2393.htm (last visited July 10, 2020). Due to COVID-19, the Bureau of Prisons has limited inmate movement and suspended social and legal visits. *See* "BOP Implementing Modified Operations," https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed July 10, 2020).

Nevertheless, on June 15, 2020, with the COVID-19 pandemic well underway, the Department of Justice announced four execution dates, including Mr. Lee's on July 13, 2020. *See* Press Release, Dep't of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June 15, 2020), https://www.justice.gov/opa/pr/executions-scheduledfour-federal-inmates-convicted-murdering-children.

### C.    The Plaintiffs

The plaintiffs in this action are relatives of the victims:

Plaintiff Earlene Branch Peterson is Nancy Mueller's mother and Sarah Powell's grandmother.[1] Dkt. 1 at ¶ 5. She is 81 years old and lives in Hector, Arkansas, more than 500 miles from Terre Haute. *Id.* at ¶ 13. She suffers from congestive heart failure and has other underlying health conditions that put her at increased risk for developing COVID-19-related complications. Dkt. 17-1, ¶ 4. Pursuant to her doctor's directions, she has remained at home since March 10, 2020, receiving deliveries for groceries and medicine. *Id.* at ¶¶ 4, 6.

Plaintiff Kimma Gurel is Nancy Mueller's sister and Sarah Powell's aunt. *Id.* at ¶ 6. She is 61 years old and lives in Spokane Valley, Washington, nearly 2,000 miles from Terre Haute. *Id.* at ¶ 14. She also has underlying health conditions that put her at an increased risk for COVID-19-related complications. *Id.*

Plaintiff Monica Veillete is Nancy Mueller's niece and Sarah Powell's cousin. *Id.* at ¶ 7. She is 43 years old and lives in Deer Park, Washington, nearly 2,000 miles from Terre Haute. *Id.* at ¶ 15.

28 C.F.R. § 26.4 provides that up to eight "citizens" "selected by the Warden" shall be present at the execution. The BOP Execution Protocol states that the Warden will select up to eight citizens and that "in identifying these individuals, the Warden, no later than 30 days after the setting of an execution date, will ask the United States Attorney for the jurisdiction in which the inmate was prosecuted to recommend up to eight individuals who are victims or victim family

---

[1] The defendants refer to the plaintiffs merely as "extended family members of Mr. Lee's victims." Dkt. 10 at 3. This insensitivity reflects the defendants' pervasive indifference for the plaintiffs' legal and personal interests in Mr. Lee's scheduled execution.

4

members to be witnesses of the execution." Dkt. 9 at 10. All three plaintiffs were selected by the Warden to witness Mr. Lee's execution.

On July 2, 2020, Dale Hartkemeyer (aka Seigen) filed a complaint in this Court. *Hartkemeyer v. Barr, et al.*, No. 2:20-cv-00036-JMS-DLP. Mr. Hartkemeyer is the spiritual advisor to inmate Wesley Purkey, whose execution is scheduled for July 15, 2020. Mr. Hartkemeyer alleged that the government's plan to execute Mr. Purkey violated his rights under the Religious Freedom Restoration Act (RFRA) and the APA in light of the risks posed by COVID-19. *Id.* at 1. On July 7, 2020, the plaintiffs moved to intervene in Mr. Hartkemeyer's case. Dkt. 35. The Court denied their request, finding that although both cases accuse the defendants of violations of the APA, the facts underlying the claims were different. Dkt. 54 at 4. The Court directed the clerk to open a new action based on the plaintiffs' proposed complaint. *Id.* at 4–5.

The plaintiffs argue that the government violated the APA by scheduling Mr. Lee's execution during the ongoing COVID-19 pandemic, making it dangerous for them to attend.

## II. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The plaintiff must satisfy a four-prong test, establishing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.*

"'A party moving for preliminary injunctive relief need not demonstrate a likelihood of absolute success on the merits. Instead, he must only show that his chances to succeed on his claims are better than negligible.'" *Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018) (quoting *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1046

5

(7th Cir. 2017). But if it is clear that the party cannot show a likelihood of success on the merits, the Court should refuse the injunction regardless of the balance of harms. *Id.* at 966.

Finally, "before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the [movant] has delayed unnecessarily in bringing the claim." *Nelson v. Campbell*, 541 U.S. 637, 649−50 (2004).

### III.   Discussion

### A.   Likelihood of Success on the Merits

The defendants argue that the plaintiffs are unlikely to succeed on the merits for three reasons: 1) judicial review is unavailable under the APA; 2) the plaintiffs do not fall within the "zone of interests" of any relevant law to challenge an execution date; and 3) the Attorney General's decision was not arbitrary or capricious, nor was it "not in accordance with law." The Court addresses each argument in turn.

#### 1.   The Plaintiffs Have a Strong Likelihood of Showing Their Claim Is Reviewable under the APA.

"The APA 'sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1905 (2020) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992)). "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

"The APA establishes a 'basic presumption of judicial review [for] one suffering legal wrong because of agency action.'" *Regents of the Univ. of California*, 140 S. Ct. at 1905 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)). The agency may rebut that presumption by

6

establishing that its action falls into one of two exceptions set out in 5 U.S.C. § 701. *See id.* First, the APA does not permit judicial review where "statutes preclude judicial review" of the agency action. 5 U.S.C. § 701(a)(1). Second, the APA does not permit judicial review where the action "is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

The defendants argue that their decision to schedule an execution is committed to agency discretion by law. But courts are directed to read § 701(a)(2)'s exception "quite narrowly, restricting it to those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2568 (2019) (internal quotation omitted). And contrary to the defendants' suggestion, agency decisions regarding implementation of the death penalty are not categorically off limits. *See generally Execution Protocol Cases*, 955 F. 3d 106 (reviewing claims regarding agency's execution protocol under the APA). Indeed, in the *Execution Protocol Cases*, neither the Supreme Court nor any of the opinions in the D.C. Circuit Court of Appeals embraced the defendants' argument here that such claims are unreviewable. *Id.*; *see Bourgeois v. Barr*, --- S. Ct. ----, 2020 WL 3492763 (Mem.) (denying certiorari).

Here, the Federal Death Penalty Act of 1994 (FDPA) provides the relevant standards. The FDPA provides that a person sentenced to death "shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence." 18 U.S.C. § 3596(a). "When the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed." *Id.*

7

The "law of the State in which the sentence is imposed" includes state statutes and binding regulations that govern the execution process. *Execution Protocol Cases*, 955 F.3d at 134 (Rao, J., concurring) ("federal government [must] follow all procedures prescribed by state statutes and formal regulations, but no more.").[2] As relevant here, Arkansas law provides a fairly robust statutory scheme governing the conduct of executions. *See* Ark. Code §§ 4-5-617, 16-90-502.

Thus, the FDPA does not commit the choice of scheduling an execution to agency discretion. The agency's discretion is bound by the language of the FDPA and by "the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a).

### 2. The plaintiffs Have a Strong Likelihood of Showing They State a Claim Within the FDPA's Zone of Interests.

The Court may review the plaintiffs' APA claim only if they are "aggrieved by agency action . . . within the meaning of a relevant statute." 5 U.S.C. § 702. To satisfy this requirement, the plaintiffs' claim must at least be "arguably within the zone of interests" that Congress sought to protect or regulate under the statute in question. *Ass'n of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 150, 153 (1970).

The defendants assert that the FDPA "makes no provision for witnesses such as Plaintiffs to attend an execution, much less provides them a private cause of action to protect *their* rights." Dkt. 10 at 13−14 (emphasis in original). True, the FDPA itself does not explicitly mention victims, but it does provide that an execution must proceed "in the manner prescribed by the law of the State in which the sentence is imposed." 18 U.S.C. § 3596(a); *See Execution Protocol Cases*, 955 F.3d at 134 (Rao, J., concurring). And Arkansas law provides significant rights to victims' family members in the context of an execution.

---

[2] The D.C. Circuit's decision in *Execution Protocol Cases* does not bind this Court, but the Court recognizes Judge Rao's concurrence, which provides the narrower basis for the result, as the controlling opinion. *Cf. Marks v. United States*, 430 U.S. 188, 193 (1976).

Under Arkansas law, a spouse, parent, adult sibling, or adult child of the victim "shall be present" for the execution "if he or she chooses to be present." Ark. Code § 16-90-502(e)(1)(C). Two of the three plaintiffs here qualify, as Ms. Peterson is Nancy Mueller's mother, and Ms. Gurel is Nancy Mueller's adult sibling. The same statute provides that "[t]he director may prohibit a person who otherwise would be eligible to witness or view an execution under this subsection if he or she determines the person to be a security risk." Ark. Code § 16-90-502(e)(2). This suggests that eligible persons cannot be prohibited for any reason whatsoever. Unless they are a security risk, Arkansas law provides them a right to be present for the execution.

Even if not a spouse, child, sibling, or parent, "[a]ny other adult relative with a close relationship to the victim" also has rights under the statute. Ark. Code § 16-90-502(e)(2)(D) (defining "Close relative of the victim"). Specifically, "[a] closed-circuit audiovisual monitor dedicated to viewing a live broadcast of the execution shall be placed in a location chosen by the director for the benefit of any close relative of the victim . . . who desires to view the execution and who is not witnessing the execution as allowed under subdivision (e)(1)(C)." Ark. Code § 16-90-502(e)(5)(A). Ms. Veillette satisfies the definition of a "[c]lose relative of the victim."

The FDPA directs federal authorities to follow state law in implementing an execution, and state law provides rights to victims' family members. The plaintiffs therefore have a strong likelihood of showing that their claim is "arguably within the zone of interests" Congress intended to protect with the FDPA.

      **3.**      **The plaintiffs Have a Strong Likelihood of Showing that the Defendants' Setting Execution Dates During a Pandemic Without Adequately Considering Whether the Victims' Family Could Safely Attend Was Arbitrary and Capricious or Not in Accordance With Law.**

The APA "instructs reviewing courts to set aside agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Dep't of Commerce*, 139 S. Ct.

9

at 2567 (quoting 5 U.S.C. § 706(2)(A)). The reviewing court must limit its inquiry to whether the agency "examined 'the relevant data' and articulated 'a satisfactory explanation' for its decision, 'including a rational connection between the facts found and the choice made.'" *Id.* at 2569 (quoting *Motor Vehicle Mfrs. Assn. of United States v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983)). "Under this highly deferential standard, an administrative decision should be upheld if the agency's path may be reasonably discerned." *Sierra Club v. U.S. EPA*, 774 F.3d 383, 393 (7th Cir. 2014) (internal quotation omitted).

"But even deferential review should 'be searching and careful' when considering 'whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *Boucher v. United States Dep't of Agric.*, 934 F.3d 530, 547 (7th Cir. 2019) (quoting *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 378 (1989)). "An agency decision will be found 'arbitrary and capricious' if it 'relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *State Farm*, 463 U.S. at 43). "If a reviewing court is faced with 'such deficiencies,' it 'should not attempt itself to make up' for those gaps by 'supply[ing] a reasoned basis for the agency's action that the agency itself has not given.'" *Id.* (quoting *State Farm*, 463 U.S. at 43).

Even applying the deferential standard, the plaintiffs have a strong likelihood of showing that the defendants' actions were arbitrary and capricious or not in accordance with law. The defendants assert that the plaintiffs have no right to be present for the execution. Dkt. 10 at 4 ("The fact that Plaintiffs are victims of Lee's crime means that the government has made efforts to accommodate their attendance, but in terms of legally enforceable rights vis-à-vis Lee's capital

10

sentence, they stand in the shoes of any member of the public."). This assertion alone underscores that the defendants "entirely failed to consider an important aspect of the problem," *see Boucher*, 934 F.3d at 547 (internal quotation omitted)—namely, victims' family members' rights to be present for the execution under Arkansas law.

The agency record, such as it is, offers no help to the defendants. They have produced no evidence to show that their decision to conduct an execution during a pandemic accounted for the victims' family's right to be present. To be sure, they have produced evidence that the family members—like any other member of the public who attends the execution—will have access to personal protective equipment, soap, and hand sanitizer while on prison grounds. *See Hartkemeyer v. Barr, et al.*, No. 2:20-cv-336-JMS-DLP, dkt. 51-1, ¶ 11 (Declaration of Rick Winter (July 8, 2020)). But there is no evidence that the defendants considered whether these measures give adequate protection to the plaintiffs, who have a right to be present under Arkansas law (and thus the FDPA). The defendants also gave no consideration to whether Ms. Peterson, who must travel more than 500 miles from Arkansas, and Ms. Gurel, who will travel by plane from Washington, can safely get to Terre Haute for the execution. *See* dkt. 10 at 8 (conceding that the government has no control over the safety of the plaintiffs' travel). And they apparently gave no consideration to the requirement that closed-circuit viewing be made available for close relatives of the victim. Ark. Code § 16-90-502(e)(5)(A). Indeed, given the defendants' argument that the plaintiffs are "outside the zone of interests" it appears they gave no consideration to their rights whatsoever.

Accordingly, the plaintiffs have shown a strong likelihood of prevailing on their claim that the defendants' setting of Mr. Lee's execution date without considering their right to be present was arbitrary and capricious and not in accord with law.

11

## B.    Irreparable Harm

The defendants argue that the only potential harm to the plaintiffs is "the mere 'possibility' that the plaintiffs will be exposed to COVID-19 if they attend the execution." Dkt. 10 at 19. Not so. The harm to Ms. Peterson, for example, is being forced to choose whether being present for the execution of a man responsible for the death of her daughter and granddaughter is worth defying her doctor's orders and risking her own life.

If there were any doubt about the seriousness of this harm, Ms. Peterson's declaration puts it to rest:

> I am now faced with an impossible choice of either not exercising my right to attend the execution, or traveling in dangerous conditions which could cause me to become very sick, or even die.

> I want to attend this execution at a time when it is safe for people to travel. Although I have some medical issues, I can travel if the conditions are not especially dangerous.

> I pray every day for my lost daughter and granddaughter. As a mother I feel very sorry for Daniel Lewis Lee's mother. I hope somehow by attending I can find some peace. Right now I am not at peace.

Dkt. 17-1 at 4.

The plaintiffs have shown irreparable harm absent the grant of a preliminary injunction.

## C.    Balance of Harms

The government has an interest in the prompt and orderly execution of Mr. Lee's death sentence. *See Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019) (the government has "an important interest in the timely enforcement of a sentence" (internal quotation omitted)); *Calderon v. Thompson*, 523 U.S. 538, 556 (1998) (after years of litigation, the government "is entitled to the assurance of finality"). But the government's interest is intertwined with—and based in part upon— the victim's interest in timely justice. *See Bucklew*, 139 S. Ct. at 1133 (ascribing "important interest" in finality to "[b]oth the [government] and the victims of crime"); *Calderon*, 523 U.S. at 556 ("Only

12

with real finality can the victims of crime move forward knowing the moral judgment will be carried out.").

At least three family members of Lee's victims—Ms. Peterson, Ms. Gurel, and Ms. Veillette—have expressed a greater interest in safely attending the execution than in having the execution proceed on the government's timetable. The defendants suggest that other family members may have different priorities. Dkt. 10 at 19 ("[Ms. Peterson] is not the lone family member of a victim of Mr. Lee's crimes."). But the defendants present no evidence to support that suggestion. The balance of harms weighs in the plaintiffs' favor.

### D.      Public Interest

The public, like the government, has an interest in prompt and orderly execution of Mr. Lee's death sentence. But the public also has an interest—codified by Congress—in ensuring that crime victims are "treated with fairness and with respect for the victim's dignity." 18 U.S.C. § 3771(a)(8). In this case, the public's interest in a prompt, orderly execution should give way to their interest in treating Ms. Peterson, Ms. Gurel, and Ms. Veillette with fairness, respect, and dignity.

### E.      Unnecessary Delay

The defendants do not argue that a stay should be denied based on the plaintiffs' unnecessary delay in bringing the claim. Any such argument is therefore waived.

In any event, the plaintiffs did not unnecessarily delay in bringing their claim. While they did not file a complaint immediately after Mr. Lee's execution date was announced, they did try to obtain assurances about safety measures from Bureau of Prisons staff member Steve Markle. Dkt. 17-2 at ¶¶ 6, 8 (Monica Veillette Affidavit).  Ms. Veillette spoke with Mr. Markle several times, and he informed her that "it would be impossible to maintain social distancing at the witness

13

room, in the hallways, in the transport vans, at checkpoints and at other areas in the prison." *Id.* at

¶ 8. When Ms. Veillette asked for a written description of the safety measures the Bureau of Prisons

had in place, he responded that he could not provide anything in writing "because it would be

'discoverable.'" *Id.* at ¶ 10.

The plaintiffs will not be penalized for seeking an informal remedy before filing this lawsuit.

## IV. Conclusion

The plaintiffs' motion for preliminary injunction, dkt. [2], is **granted** to the extent that

the Court enjoins the defendants from carrying out the execution of Daniel Lewis Lee on July 13,

2020, or on any future date, pending final resolution of the merits of this case or until further order

of this Court. The Court will vacate the injunction upon a showing by the defendants of an

agency action setting a date for Mr. Lee's execution in accord with the FDPA and

demonstrating reasonable consideration of the plaintiffs' right to be present for the execution.

The **clerk is directed** to correct the name of plaintiff Monica Veillette on the docket.

**IT IS SO ORDERED.**

Date: 7/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Howard Baker Kurrus
H. Baker Kurrus, PLLC
bkurrus@aol.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| EARLENE PETERSON,<br>KIMMA GUREL,<br>MONICA VEILLETTE,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM P. BARR,<br>MICHAEL CARVAJAL,<br>T.J. WATSON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:20-cv-00350-JMS-DLP |

## Order Granting Preliminary Injunction

The Court concluded in an order issued on this date that plaintiffs Earlene Peterson, Kimma Gurel, and Monica Veillette have demonstrated that they are entitled to a preliminary injunction. Defendants William P. Barr, Michael Carvajal, and T.J. Watson are enjoined from carrying out the execution of Daniel Lewis Lee on July 13, 2020, or any future date, pending final resolution of the merits of this case or until further order of the Court. The Court will vacate the injunction upon a showing by the defendants of an agency action setting a date for Mr. Lee's execution in accord with the FDPA and demonstrating reasonable consideration of the plaintiffs' right to be present for the execution.

**IT IS SO ORDERED.**

Date: 7/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Howard Baker Kurrus
H. Baker Kurrus, PLLC
bkurrus@aol.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

<span style="color:red">**\*\*\* PUBLIC DOCKET \*\*\***</span>

APPEAL

## U.S. District Court
### Southern District of Indiana (Terre Haute)
### CIVIL DOCKET FOR CASE #: 2:20-cv-00350-JMS-DLP

PETERSON et al v. BARR et al
Assigned to: Judge Jane Magnus-Stinson
Referred to: Magistrate Judge Doris L. Pryor

Cause: 28:2201 Constitutionality of State Statute(s)

Date Filed: 07/08/2020
Jury Demand: None
Nature of Suit: 555 Prisoner Petitions - Prison Condition
Jurisdiction: Federal Question

**Plaintiff**

**EARLENE PETERSON**

represented by **Howard Baker Kurrus**
H. Baker Kurrus, PLLC
10816 Crestdale Lane
Little Rock, AR 72212
(501) 831-0325
Email: bkurrus@aol.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**KIMMA GUREL**

represented by **Howard Baker Kurrus**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MONICA VEILLETTE**

represented by **Howard Baker Kurrus**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WILLIAM P. BARR**

represented by **Shelese M. Woods**
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204

(317) 226-6333
Fax: (317) 226-5027
Email: shelese.woods@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL CARVAJAL**          represented by   **Shelese M. Woods**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**T.J. WATSON**               represented by   **Shelese M. Woods**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/08/2020 | 1 | COMPLAINT against WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON, filed by EARLENE PETERSON, MONICA VIELLETTE, KIMMA GUREL. (No fee paid with this filing) (JRB) (Entered: 07/08/2020) |
| 07/08/2020 | 2 | MOTION for Preliminary Injunction, filed by Plaintiffs KIMMA GUREL, EARLENE PETERSON, MONICA VIELLETTE. (JRB) (Entered: 07/08/2020) |
| 07/08/2020 | 3 | BRIEF/MEMORANDUM in Support re 2 MOTION for Preliminary Injunction, filed by Plaintiffs KIMMA GUREL, EARLENE PETERSON, MONICA VIELLETTE. (JRB) (Entered: 07/08/2020) |
| 07/08/2020 | 4 | Order Denying Motion for Intervention Filed by Earlene Peterson, Kimma Gurel, and Monica Viellette, Granting Motion for Intervention Filed by Father Mark O'Keefe, and Directing the Opening of a New Action. Originally docketed in 2:20-cv-336-JMS-DLP. Signed by Judge Jane Magnus-Stinson on 7/8/2020.(JRB) (Main Document 4 replaced on 7/8/2020) (RSF). (Entered: 07/08/2020) |
| 07/08/2020 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (JRB) (Entered: 07/08/2020) |
| 07/08/2020 | 6 | PROCEDURES AND PRACTICES before Judge Jane Magnus-Stinson. (RSF) (Entered: 07/08/2020) |
| 07/08/2020 | 7 | Entry Setting Briefing Schedule - The defendants shall have until noon on July 9, 2020, to respond to the plaintiffs' motion for preliminary injunction, dkt. 2 . The plaintiffs shall have until 6:00 p.m. on July 9, 2020, to file a reply. Signed by Judge Jane Magnus-Stinson on 7/8/2020.(RSF) (Entered: 07/08/2020) |
| 07/08/2020 | 8 | NOTICE of Appearance by Shelese M. Woods on behalf of Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (Woods, |

| | | Shelese) (Entered: 07/08/2020) |
|---|---|---|
| 07/08/2020 | 9 | EXHIBIT re 1 Complaint by KIMMA GUREL, EARLENE PETERSON, MONICA VIELLETTE. (Kurrus, Howard) (Entered: 07/08/2020) |
| 07/09/2020 | 10 | RESPONSE in Opposition re 2 MOTION for Preliminary Injunction , filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (Woods, Shelese) (Entered: 07/09/2020) |
| 07/09/2020 | 11 | SCHEDULING ORDER: Telephonic Status Conference set for 7/9/2020 at 4:15 PM (Eastern Time) before Magistrate Judge Doris L. Pryor. The purpose of the conference is to discuss case status. Counsel shall attend the conference by calling the designated phone number, to be provided by the Court via email generated by the Courts ECF system. Signed by Magistrate Judge Doris L. Pryor on 7/9/2020.(RSF) (Entered: 07/09/2020) |
| 07/09/2020 | 13 | Amended SCHEDULING ORDER: The Court, sua sponte, hereby CONVERTS the July 9, 2020 telephonic status conference to a settlement conference. Counsel shall attend the conference by calling the designated telephone number, to be provided by the Court via email generated by the Courts ECF system. Signed by Magistrate Judge Doris L. Pryor on 7/9/2020. (RSF) (Entered: 07/09/2020) |
| 07/09/2020 | 16 | ***PLEASE DISREGARD - CORRECTED FILING AT 17 *** REPLY in Support of Motion re 2 MOTION for Preliminary Injunction , filed by Plaintiffs KIMMA GUREL, EARLENE PETERSON, MONICA VIELLETTE. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Text of Proposed Order)(Kurrus, Howard) Modified on 7/9/2020 (RSF). (Entered: 07/09/2020) |
| 07/09/2020 | 17 | REPLY in Support of Motion re 2 MOTION for Preliminary Injunction , filed by Plaintiffs KIMMA GUREL, EARLENE PETERSON, MONICA VIELLETTE. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Text of Proposed Order)(Kurrus, Howard) (Entered: 07/09/2020) |
| 07/09/2020 | 18 | Proposed Summons submitted for issuance by the clerk as to WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (Kurrus, Howard) (Entered: 07/09/2020) |
| 07/10/2020 | 19 | Summons Issued as to WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (RSF) (Entered: 07/10/2020) |
| 07/10/2020 | 20 | Order Granting Plaintiffs' Motion for Preliminary Injunction - Federal death row inmate Daniel Lee Lewis is scheduled to be executed on July 13, 2020, at United States Penitentiary Terre Haute (USP Terre Haute) in Terre Haute, Indiana. The plaintiffs' motion for preliminary injunction, dkt. 2 , is granted to the extent that the Court enjoins the defendants from carrying out the execution of Daniel Lewis Lee on July 13, 2020, or on any future date, pending final resolution of the merits of this case or until further order of this Court. The Court will vacate the injunction upon a showing by the defendants of an agency action setting a date for Mr. Lee's execution in accord with the FDPA and demonstrating reasonable consideration of the |

| | | |
|---|---|---|
| | | plaintiffs' right to be present for the execution. The clerk is directed to correct the name of plaintiff Monica Veillette on the docket. (See Order.) Signed by Judge Jane Magnus-Stinson on 7/10/2020. (RSF) (Main Document 20 replaced on 7/10/2020) (RSF). (Entered: 07/10/2020) |
| 07/10/2020 | 21 | ORDER GRANTING PRELIMINARY INJUNCTION - The Court concluded in an order issued on this date that plaintiffs Earlene Peterson, Kimma Gurel, and Monica Veillette have demonstrated that they are entitled to a preliminary injunction. Defendants William P. Barr, Michael Carvajal, and T.J. Watson are enjoined from carrying out the execution of Daniel Lewis Lee on July 13, 2020, or any future date, pending final resolution of the merits of this case or until further order of the Court. The Court will vacate the injunction upon a showing by the defendants of an agency action setting a date for Mr. Lee's execution in accord with the FDPA and demonstrating reasonable consideration of the plaintiffs' right to be present for the execution. Signed by Judge Jane Magnus-Stinson on 7/10/2020. (RSF) (Entered: 07/10/2020) |
| 07/10/2020 | 22 | NOTICE *of Appeal*, filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON (Woods, Shelese) (Entered: 07/10/2020) |
| 07/10/2020 | 23 | MOTION to Stay re 21 Preliminary Injunction, 20 Order on Motion for Preliminary Injunction , filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (Attachments: # 1 Exhibit 1, Winter Decl.)(Woods, Shelese) (Entered: 07/10/2020) |
| 07/10/2020 | 24 | NOTICE OF APPEAL as to 20 Order on Motion for Preliminary Injunction, filed by Defendants WILLIAM P. BARR, MICHAEL CARVAJAL, T.J. WATSON. (Docketed for administrative purposes only.) (RSF) (Entered: 07/10/2020) |
| 07/10/2020 | 25 | PARTIES' SHORT RECORD re 24 Notice of Appeal **- Instructions for Attorneys/Parties attached.** (RSF) (Entered: 07/10/2020) |

**Case #: 2:20-cv-00350-JMS-DLP**