UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

|  |  |
|---|---|
| EARLENE PETERSON, KIMMA GUREL, and MONICA VEILLETTE;<br><br>       *Plaintiffs.*<br><br>v.<br><br>WILLIAM P. BARR, in his official capacity as the Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as Director of the Federal Bureau of Prisons; and T.J. WATSON, in his official capacity as Complex Warden for Terre Haute Federal Correction Complex,<br><br>       *Defendants.* | Case No. 2:20-cv-00350-JMS-DLP |

## NOTICE OF DISMISSAL DUE TO MOOTNESS

Come now Plaintiffs Earlene Peterson, Kimma Gurel and Monica Veillette, through counsel, and file this notice dismissing this action. Counsel states as follows:

1. In 1996, Nancy Mueller, her daughter Sarah Powell, and her husband William Mueller were murdered in Tilley, Arkansas. Chevie Kehoe and Daniel Lee were arrested, tried, and convicted of the crime in the Eastern District of Arkansas district court in 1999. Kehoe, the leading actor in the offense, was sentenced to life. Lee was sentenced to death.

2. Earlene Peterson was Nancy Mueller's mother and Sarah Powell's grandmother. She was the person called by the authorities when her family

members' bodies were found. She attended the trial daily, along with her daughter Kimma, Nancy's sister and Sarah's aunt.  Also attending was Mrs. Peterson's granddaughter Monica, who testified for the prosecution. The Government turned to these three when, prior to sentencing, it sought to drop the death authorization against Lee.

3.  No other family members regularly attended the trial.

4. At the close of trial, all three filled out registration forms they were given so that notice would be provided throughout the life of the case.

5. Mrs. Peterson was informed over the years about various case developments by officials associated with the case.

6. In July of 2019, the Department of Justice scheduled the execution of Daniel Lee for December 9, 2019. All three women were called by the Bureau of Prisons (BOP) and asked if they would travel to Terre Haute for the execution. Ms. Gurel and Ms. Veillette planned to attend, and made travel and hotel arrangements through the Bureau of Prisons. Mrs. Peterson had a heart operation scheduled and could not travel. The BOP assumed all expenses.

7. That execution date was called off a few days prior to December 9, 2019 because of litigation Lee and other prisoners had filed.

8. In the months between July and December, 2019, the three women had made known their opposition to the execution through submissions to the Department of Justice and whenever asked by media or individuals. Mrs. Peterson

2

made a special plea to the President, stating that an execution would not honor her daughter or granddaughter, and asking Mr. Trump, whom she supports, to commute the sentence.

9. In June of 2020, the Department rescheduled the Lee execution. The Bureau of Prisons again contacted the three women to ask if they wished to come to Terre Haute. Ms. Veillette handled the arrangements for herself, her mother and her grandmother. They all three wished to attend as before, but were deeply concerned about the coronavirus. All three have exacerbating conditions, and COVID had made a resurgence in Arkansas and Spokane, Washington where Mrs. Peterson and the other women, respectively, live.  The Centers for Disease Control had recommended that Americans postpone travel. Ms. Veillette had many conversations with a BOP liaison about how the family could be kept safe through travels and while at the prison.

10. Not finding that they could be kept safe from the coronavirus, the women filed suit in this Court on July 7, 2020, seeking to postpone Lee's execution until travel and time inside a prison could be safely managed.  They sought to be there together as a family, as they had been throughout the years since their loved ones were found missing. The Plaintiffs sought to join an ongoing lawsuit in this Court on behalf of the religious advisor for another prisoner also slated to be executed

3

about the same time as Lee.[1] *See Hartkemeyer, et al. v. Barr, et al.*, No. 2:20-cv-00336-JMS-DLP, Dkt. 35 (S.D. Ind. July 7, 2020).

11. This Court denied their motion to intervene but allowed them to file their own motion for preliminary injunction. *See id.* at Dkt. 54.

12. On July 10, 2020 the Court granted their motion, finding that the requested injunctive relief was warranted. *See Peterson et al. v. Barr et al.*, No. 2:20-cv-00350-JMS-DLP, Dkt. 20 (S.D. Ind. July 10, 2020).

---

[1] Plaintiffs include this history because filings on the part of the Department of Justice have mischaracterized their role and even this litigation.  The Government suddenly ignored its consistent treatment of and reliance on them for 23 years to describe them now as "some" family among a purported group of many others, even though Mrs. Peterson was the closest surviving relative of Ms. Mueller and Sarah Powell – and even though the murder of the child and the wishes of the victims were given as the rationale for executing Lee. *See* Press Release, U.S. Department of Justice, Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse (July 25, 2019), available at https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse (last visited Aug. 7, 2020); *see also* Press Release, U.S. Department of Justice, "Executions Scheduled for Four Federal Inmates Convicted of Murdering Children" (June 15, 2020), available at https://www.justice.gov/opa/pr/executions-scheduled-four-federal-inmates-convicted-murdering-children (last visited Aug. 7, 2020). DOJ also implied in Lee's litigation that Mrs. Peterson, Ms. Gurel and Ms. Veillette had not traveled to Terre Haute to attend the execution because they opposed it, rather than because it was scheduled during a raging resurgence of COVID-19. *See* Reply in Support of Application for a Stay or Vacatur of the Injunction Issued by the United States District Court for the District of Columbia, In re Federal Bureau of Prisons' Execution Protocol Cases (2020) (No. 20A8), n.1, available at https://www.supremecourt.gov/DocketPDF/20/20A8/147703/20200713215558221_FBOP.Second.Stay.Reply.10pm.pdf. Although it is too late for the Plaintiffs to obtain the relief they sought, they take this opportunity to correct some of the Government's disrespectful and hurtful misstatements.

13. The Government sought immediate relief. It filed a motion to vacate the stay in both the Court of Appeals for the Seventh Circuit and the U.S. Supreme Court.

14. On July 12, 2020, the Seventh Circuit reversed, holding that the Bureau of Prisons had wide discretion with regard to the setting of execution dates. *See Peterson, et al. v. Barr, et al.*, No. 20-2252, Dkt. 15, at 5-6 (7th Cir. 2020). Plaintiffs then sought relief at the Supreme Court.

15. At about 2:30 a.m. on the morning of Tuesday July 14, the Supreme Court rejected the Plaintiffs' motion for a stay pending certiorari, simultaneously rejecting motions pending on behalf of Daniel Lee also concerning his execution. *See Peterson, et al. v. Barr et al.,* 591 U.S. __ (2020) (No. 20A6).

16. The BOP executed Lee later that morning, pronouncing him dead a little after 8:00 a.m.  Plaintiffs did not attend the execution due to their concerns about the pandemic.

17. Because BOP has carried out Lee's execution, Plaintiffs' cause before this court has been mooted out.

18. To the extent that it is necessary,[2] counsel therefore withdraws any action still before the Court, as relief may no longer be granted.

---

[2] The undersigned was contacted by opposing counsel asking if Plaintiffs were planning to withdraw the case and stating she would otherwise need to file an answer to the complaint. This submission followed.

5

Respectfully submitted

/s/ H. Baker Kurrus
H. Baker Kurrus, PLLC
10816 Crestdale Lane
Little Rock, AR 72212
Phone: (501) 831-0325
Email: Bkurrus@aol.com
Arkansas Bar No. 80082

*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 12, 2020, a copy of the foregoing was provided via ECF notification to all counsel of record.

<u>  /s/ H. Baker Kurrus  </u>
H. Baker Kurrus

H. Baker Kurrus, PLLC
10816 Crestdale Lane
Little Rock, AR 72212
(501) 831-0325